UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

CRYSTAL ATALLAH,
    Plaintiff,

-vs.-
                                                    Case No. 2:12-cv-11618-GER-RSW
                                                    Hon. Gerald E. Rosen
                                                    Mag. R. Steven Whalen

LAW OFFICES OF TIMOTHY E. BAXTER, P.C.
a Michigan professional corporation,
    Defendant.

---

### PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
### PURSUANT TO DEFENDANT'S OFFER OF JUDGMENT

Plaintiff moves this Honorable Court for an award of attorneys' fees in the amount of $2,117.00 against the Law Offices of Timothy E. Baxter, P.C., pursuant to Defendant's Offer of Judgment and Fed. R. Civ. P. 54(d)(2).

On April 20, 2012, Defendant served its Offer of Judgment upon Plaintiff, which, in addition to other relief, provides for "reasonable attorney's fees determined by the Court through the date of this offer." (Ex. A). Plaintiff accepted Defendant's Offer of Judgment on April 25, 2012. (Docket # 4). Accordingly, Plaintiff submits the instant Motion requesting an award of attorneys' fees in the amount of $2,117.00 against the Law Offices of Timothy E. Baxter, P.C., pursuant to Defendant's Offer of Judgment. (*See* Ex. A).

**WHEREFORE, PLAINTIFF** prays that this Honorable Court grant her an award of attorneys' fees in the amount of $2,117.00.

Respectfully submitted,

May 9, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN P41155
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

**Proof of Service**

I, Brandy Moore, hereby state that on 5/29/2012, I served a copy of the within pleading upon all counsel and parties as their address appear of record via the court's CM/ECF System.

_____Brandy Moore_____

## QUESTION PRESENTED

Whether Plaintiff is entitled to attorneys' fees in the amount of $2,117.00 against the Defendant for successfully enforcing Defendant's liability under the Fair Debt Collection Practices Act.

**Plaintiff**: "Yes."

**Defendant**: Defers to the Court by way of its Offer of Judgment.

## TABLE OF CONTENTS

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO DEFENDANT'S OFFER OF JUDGMENT…………....…..………………………………………….…... i

Proof of Service……………………………………………………………………....… ii

Question Presented……………………………………………………………….....….. iii

Table of Contents……………………………………………………………………...… iv

Index of Authority………………………………………………………………….......v

Index of Exhibits………………………………………………………………...…..…… vi

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO DEFENDANT'S OFFER OF JUDGMENT…………....………….....… 1

Facts…………………………………………………...……………………………… 1

Law and Argument…………………………………………………………………….. 2

Conclusion……………………………………………………………………….....… 3

# INDEX OF AUTHORITY

**Statutes**

15 U.S.C. § 1692k(a)(3)..…………………………..……………………………..…2

**Rules**

Fed.R.Civ.P. 54(d)(2)…………………………………………………..……..…… i

## INDEX OF EXHIBITS

Exhibit A:      Offer of Judgment

Exhibit B:      Plaintiff's Acceptance of Defendant's Offer of Judgment

Exhibit C:      Affidavit of Gary D. Nitzkin

Exhibit D:      Affidavit of Travis L. Shackelford

Exhibit E:      Affidavit of Brandy Moore

Exhibit F:      Affidavit of Julie LaManna

Exhibit G:      Affidavit of Lacenya Cobb

Exhibit H:      Affidavit of Maura LeMay

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO DEFENDANT'S OFFER OF JUDGMENT

## FACTS

On April 25, 2012, Plaintiff accepted Defendant's Offer of Judgment, which, in addition to other relief, provides for "reasonable attorney's fees determined by the Court through the date of this offer." (Ex. A and Docket # 4). Defendant's Offer of Judgment was based upon Plaintiff's claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Docket #1). Plaintiff now files the instant motion for attorneys' fees and costs pursuant to Defendant's Offer of Judgment. (Ex. A).

Plaintiff's counsel has spent 10.6 hours pursing these claims in this case against the Defendant. Of this time, Plaintiff's counsel, Gary D. Nitzkin, spent 2.55 hours pursuing the claims in this case. (Exhibit C). Mr. Nitzkin bills at a rate of $300.00 per hour. (Exhibit C). Accordingly, the Plaintiff has incurred $765.00 in attorney's fees for Mr. Nitzkin's efforts. Travis L. Shackelford, another attorney in Mr. Nitzkin's office has spent 1.5 hours pursuing the claims in this case. (Exhibit D). Mr. Shackelford bills at a rate of $290.00 per hour. (Exhibit D). The Plaintiff has incurred $435.00 in attorney's fees for Mr. Shackelford's efforts. Further, paralegals at Mr. Nitzkin's firm spent 6.55 hours pursuing the claims in this case. (Exhibits E, F, G and H). The paralegals at Mr. Nitzkins firm bill at a rate of $140.00 per hours. (Exhibits E, F, G and H). Therefore, The Plaintiff has incurred $917.00 in paralegal's fees for these efforts.

## LAW AND ARGUMENT

The FDCPA provides for the shifting of attorneys' fees and costs from Plaintiff to Defendant at 15 U.S.C. § 1692k(a)(3) which provides:

> *(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.*

The Offer of Judgment tendered by Defendant, and accepted by Plaintiff, in this case shows that his action against the Defendant under the FDCPA has been successful. Under the FDCPA, Plaintiff is entitled to reasonable attorneys' fees and costs. 15 U.S.C. § 1692k(a)(3).

Plaintiff's counsel has spent 10.6 hours pursing these claims in this case against the Defendant. Of this time, Plaintiff's counsel, Gary D. Nitzkin, spent 2.55 hours pursuing the claims in this case. (Exhibit C). Mr. Nitzkin bills at a rate of $300.00 per hour. (Exhibit C). Accordingly, the Plaintiff has incurred $765.00 in attorney's fees for Mr. Nitzkin's efforts. Travis L. Shackelford, another attorney in Mr. Nitzkin's office has spent 1.5 hours pursuing the claims in this case. (Exhibit D). Mr. Shackelford bills at a rate of $290.00 per hour. (Exhibit D). The Plaintiff has incurred $435.00 in attorney's fees for Mr. Shackelford's efforts. Further, paralegals at Mr. Nitzkin's firm spent 6.55 hours pursuing the claims in this case. (Exhibits E, F, G and H). The paralegals at Mr. Nitzkins firm bill at a rate of $140.00 per hours. (Exhibits E, F, G and H). Therefore, The Plaintiff has incurred $917.00 in paralegal's fees for these efforts.

## CONCLUSION

Plaintiff has successfully enforced the liability of the Defendant under the FDCPA. Therefore, he is entitled to an award of reasonable attorneys' fees and costs under the FDCPA in the amount of $2,117.00.

2

                Respectfully submitted,

May 9, 2012         /s/ Gary Nitzkin
                GARY D. NITZKIN  P41155
                NITZKIN & ASSOCIATES
                Attorneys for Plaintiff
                22142 West Nine Mile Road
                Southfield, MI 48033
                (248) 353-2882
                Fax (248) 353-4840
                Email – gnitzkin@creditor-law.com