UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL ATALLAH,

                Plaintiff,                             No. 12-cv-11618

vs.                                          Hon. Gerald E. Rosen

LAW OFFICE OF TIMOTHY E. BAXTER, P.C.,

                Defendant.
_____/

OPINION AND ORDER REGARDING
<u>PLAINTIFF'S MOTION FOR ATTORNEY'S FEES</u>

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on <u>March 07, 2013</u>

PRESENT:   Honorable Gerald E. Rosen
                     United States District Chief Judge

On April 20, 2012, Defendant served upon Plaintiff an Offer of Judgment in this

Fair Debt Collection Practices action, offering to allow a judgment to be taken against it

in the amount of $1,406.80, inclusive of $1,000.00 statutory damages under the FDCPA,

$50.00 in statutory damages under the Michigan Collection Practices Act, $1.00 in actual

damages, $355.80 in costs, "plus reasonable attorney's fees as determined by the Court

through the date of this offer."  On April 25, 2012, Plaintiff filed her acceptance of this

offer stating that she "hereby accepts Defendant's Offer of Judgment to Plaintiff in the

amount of One Thousand Four Hundred Six Dollars and Eighty cents ($1406.80)

1

inclusive of damages and costs." Judgment was, accordingly, entered by the Court on April 30, 2012.

Thereafter, on May 29, 2012, Plaintiff filed the instant Motion seeking an award of attorney's fees against Defendant pursuant to the Offer of Judgment in the amount of $2,117.00. Defendant responded arguing that Plaintiff's motion should be denied because it was not timely filed and Plaintiff should be entitled to any attorney's fees. If, however, the Court concludes otherwise, Defendant argues that Plaintiff is only entitled to "reasonable attorney's fees incurred prior to April 20, 2012," i.e., the date of the Offer of Judgment, and suggests that Plaintiff only be awarded $350.00 for her attorney's time on this matter.

This matter is now before the Court for adjudication. As the parties' written submissions adequately present the relevant facts and legal arguments, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will dispense with oral argument and this matter will be decided "on the briefs." This Opinion and Order sets forth the Court's ruling.

Defendant first argues that the Court should deny Plaintiff's motion because it was not timely filed in accordance with the provisions of Fed. R. Civ. P. 54(d), which states, in relevant part, "Unless a statute or court order provides otherwise, a motion [for attorney's fees] must be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B) (some internal punctuation and enumeration omitted). Here,

2

Judgment was entered on April 30, 2012 but Plaintiff did not file her motion for

attorney's fees until May 29, 2012 -- 15 days beyond the 14-day deadline set forth in

Rule 54(d)(2).

      However, Fed. R. Civ. P. 83 authorizes district courts to adopt local rules

governing practice and procedure, including governing the timeliness standards for the

filing of applications for attorney fees.  *See Miltmore Sales, Inc. v. International*

*Rectifier, Inc.*, 412 F.3d 685, 693 (6th Cir. 2005); *see also, Gross v. City of Cleveland*

*Heights*, 53 F.3d 331, 1995 WL 256303 (6th Cir.1995) (unpublished) (citing *White v.*

*New Hampshire Dept. of Employment Security*, 455 U.S. 445, 454, 102 S.Ct. 1162, 71

L.Ed.2d 325 (1982)). Drawing upon this authority, the Eastern District of Michigan has

adopted a local rule extending the time limit for filing a post-judgment motion for

attorney's fees.  The Eastern District of Michigan Local Rule provides, "A motion for

attorneys' fees and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2)

must be filed no later than 28 days after entry of judgment."  Eastern District of Michigan

Local Rule 54.1.2.[1]

      Here, as indicated, Judgment was entered on April 30, 2012. Plaintiff's Motion

was filed on May 29, 2012 -- 29 days later.  However, the 28th day after entry of the

Judgment, May 28, 2012, was Memorial Day.  Hence, pursuant to Fed. R. Civ. P.

---

[1]  Various other districts within the Sixth Circuit have similarly acted by local rule
to extend the time limit for filing such motions.  *See e.g.*, S.D. Ohio Local Rule 54.2 (45-
day time limit); M.D. Tenn. Local Rule 54.01(b)(1) (30-day time limit); W.D. Ky Local
Rule 54.4 (same).

6(a)(1)(C), in computing the time period specified in the local rule, the period continued to run until the end of the next business day, i.e., May 29th.  Therefore, Plaintiff's motion was timely filed on that date.

Accordingly, the Court turns to the parties' arguments as to the proper amount to be awarded as fees.

The Court notes at the outset that both parties agree that pursuant to the Offer of Judgment, which was undisputedly accepted by the Plaintiff, Plaintiff is entitled to an award of attorney's fees.  *See* Plaintiff's Response ¶ 7 ("[B]oth the Plaintiff and the Defendant agree that pursuant to the Defendant's Offer of Judgment (Exhibit B), which was accepted by Plaintiff, that the Plaintiff is entitled to an award of reasonable attorney's fees....")  The dispute is simply whether the amount sought by Plaintiff is "reasonable."[2]

Plaintiff has submitted a verified and itemized accounting of the fees incurred in

_____

[2] As is too often the case in such matters, the present dispute could easily have been avoided had the Defendant taken more care in crafting its Offer of Judgment. Defendant could have specified in its Offer of Judgment a particular amount of attorney's fees that it was willing to pay, over and above the threshold settlement amount of damages and costs.  Alternatively, it could have offered a single sum that was intended to encompass **all** of the elements of Plaintiff's plea for relief.  *See McCain v. Detroit II Auto Finance Center*, 378 F.3d 561, 563-65 (6th Cir. 2004) (discussing various ways that an offer may be formulated under Fed. R. Civ. P. 68 and the legal ramifications of these various options.)  Instead, Defendant's offer consented to the entry of a judgment of damages and costs **plus** "reasonable attorney's fees as determined by the Court through the date of this offer."  This language essentially tracked the pertinent provision of the FDCPA, which entitles a prevailing party to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).

4

this matter through May 2, 2012 for 10.6 hours of work by his firm on this case:  2.55 hours spent on this matter by lead attorney, Gary Nitzkin, who bills at a rate of $300.00 per hour; 1.5 hours spent by attorney Travis Shackeford, who bills at $290.00 per hour; and 6.55 hours of work by four paralegals in Mr. Nitzkin's firm who each bill at a rate of $140.00, for a total of $2,117.00.

Defendant argues that the time devoted by these individuals to this matter was not of "any real value," that all that was drafted was a "cookie-cutter" Complaint, filled with "boiler-plate language" and very few facts, and the Offer of Judgment.  Defendant further maintains that Defendant's Offer of Judgment, which was accepted by the Plaintiff, did not offer to compensate Plaintiff for "'paralegal time,' but rather, only 'reasonable *attorney's* fees.'"  *See* Response, ¶¶ 8-11 (emphasis added). Defendant further points out that the Offer of Judgment only offered to compensate for reasonable attorney's fees as determined by the Court "through the date of the offer of judgment," i.e., "prior to April 20, 2012," yet Plaintiff seeks to be compensated for work done after that date.  *Id.* at ¶¶ 7-8.  Lastly, Defendant takes issue with the $290 and $300 hourly billing rates of the two attorneys who worked on this matter, viewing these billing rates as "patently unreasonable."  In sum, Defendant argues that if the Court is to grant any attorney's fees at all, Plaintiff should only be awarded $350, a sum it arrived at simply by calculating 1/3 of the amount of the damages awarded.

Defendant would have the Court ignore the fact that Congress included fee

5

shifting provisions in the FDCPA with the intent that the Act "should be enforced by debtors acting as private attorney generals." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) (citing *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990). An award of reasonable attorney's fees under the Act is not discretionary, but mandatory, even where violations are so minimal that statutory damages are not awarded. *Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x 442, 446 (6th Cir. 2009); *Graziono, supra,* 950 F.2d at 113; *Pipiles v. Credit Bureau of Lockport*, 886 F.2d 22, 28 (2d Cir. 1989); *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1909).

The purposes behind the FDCPA include deterring abusive debt collectors and protecting consumers. *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 652 (6th Cir. 1994) (Kennedy J., concurring). If the amount of attorney's fees awarded were limited by the amount of damages recovered by the plaintiff, as Defendant here suggests, the deterrent purposes of the statute would be frustrated as the amount of damages recovered by plaintiffs in FDCPA cases is often relatively small. *See Barber v. National Revenue Corp.*, 932 F. Supp. 1153, 1155 (W.D. Wis. 1996) ("The $1,000 statutory damages limit per action, when coupled with an award of actual damages and attorney's fees and costs, will sufficiently deter a debt collector from violating the FDCPA when dealing with the next debtor.")

The courts have further determined that "[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded

fees commensurate with those which they could obtain by taking other types of cases."

*Tolentino v. Friedman*, 45 F.3d 645, 652 (7th Cir. 1995).  *See also Student Public*

*Interest Research Group v. AT & T Bell Laboratories*, 842 F.2d 1436 (3d Cir.1988):

> Congress provided fee shifting to enhance enforcement of important civil
> rights, consumer-protection, and environmental policies. By providing
> competitive rates we assure that attorneys will take such cases, and hence
> increase the likelihood that the congressional policy of redressing public
> interest claims will be vindicated.

*Id.* at 1449.

As the Sixth Circuit explained in *Dowling v. Litton Loan Servicing, supra*, a

reasonable fee is one that is "adequately compensatory to attract competent counsel yet

which avoids producing a windfall for lawyers." 320 Fed. App'x at 446 (*quoting Geier v.

Sundquist*, 372 F.3d 784, 791 (6th Cir.2004)).

Determining a reasonable fee begins with calculating the product of "a reasonable

hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v.

Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This product has

come to be known as the "lodestar." *Garner v. Cuyahoga County Juvenile Court*, 554

F.3d 624, 642 (6th Cir.2009). Courts indulge a "strong presumption" that the lodestar

"represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean

Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).  The lodestar method is

what Plaintiff here has used to calculate the total amount of attorney's fees sought.

As for Defendant's protestation about Attorneys Nitzkin's and Shackeford's

hourly rates, Nitzkin and his firm specialize in consumer credit law.  The State Bar of Michigan's Economics of Law Practice Attorney Income and Billing Rate Summary Report indicates that the median hourly rate charged by attorneys working in the field of consumer law is $300 per hour.  [*See* Defendant's Ex. D, p. 10.]  Accordingly, the hourly rates of the Nitzkin firm attorneys is not excessive.

Furthermore, contrary to Defendant's assertions, paralegal fees are included in the concept of "attorney's fees."  *See Northcross v. Bd. of Ed. of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979); *see also Stewart v. Rhodes*, 656 F.2d 1216, 1217 (6th Cir. 1981) *Sigley v. Kuhn*, 209 F.3d 1341, 2000 WL 145187 at * 9 (6th Cir. 2000); *Welch v. Sec'y of HHS*, 936 F.2d 574, 1991 WL 110382 at *2 (6th Cir. 1991).  The paralegal services billed in this case were not duplicative or excessive and having paralegals perform these services actually helped keep fees down.

The Court, however, does agree with Defendant in that the Offer of Judgment which Plaintiff accepted unambiguously offered to compensate for fees incurred only "through the date of this offer."  The Offer of Judgment was made on April 20, 2012. Therefore, only fees incurred through that date are compensable.  The billing and accounting records submitted by Plaintiff in support of her Motion establish that as of the April 20, 2012, Plaintiff incurred fees in the amount of $1,190.00.   Therefore, the Court will award only this amount.

<u>CONCLUSION</u>

8

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees Pursuant to Defendant's Offer of Judgment **[Dkt. # 8]** is GRANTED, in part.

IT IS FURTHER ORDERED that, as the prevailing party in this FDCPA case, pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff is hereby awarded attorney's fees in the amount of $1,190.00.

s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  March 7, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 7, 2013, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager

9